UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KERRY HEICHELBECH,<br>(Social Security No. XXX-XX-5692),<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of the Social Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   3:10-cv-65-WGH-RLY<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

On August 10, 2011, Plaintiff filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"). (R. 33-34). Defendant filed its Response on September 7, 2011. (R. 37). Plaintiff filed a Reply on September 13, 2011 (R. 38). The Magistrate Judge, having considered the motion, all filed documents and relevant law, and being duly advised, hereby **GRANTS** the motion.

Under 28 U.S.C. § 2412, reasonable fees may be awarded to a plaintiff's counsel where: (1) plaintiff is a prevailing party; (2) the government is not "substantially justified" in its position; (3) no "special circumstances" make an award unjust; and (4) the fee application is timely and supported by an itemized statement. In this case, the only issue raised by Defendant is whether there are special circumstances that make the awarding of fees unjust.

Defendant argues that the "special circumstances" present in this case are that the two individuals who are requesting reimbursement for their services, Eddy Pierre Pierre ("Pierre") and Charles E Binder ("Binder"), were not admitted to practice in the Southern District of Indiana at the time that their services were rendered. Defendant claims that these non-admitted attorneys cannot be reimbursed under the EAJA. While it appears that no court in the Seventh Circuit has addressed this issue, recently in *Priestley v. Astrue*, --- F.3d. ----, 2011 WL 2641273 (4th Cir. 2011), the Fourth Circuit rejected similar arguments. The Fourth Circuit noted that there was no evidence that Congress, in enacting the EAJA, intended to limit the recoverable fees to those fees incurred by practicing attorneys. *Priestley*, 2011 WL 2641273 at *4. The Fourth Circuit, therefore, concluded:

> [W]e have little difficulty in concluding that the EAJA authorizes the plaintiffs to receive reimbursement for work performed by an attorney, regardless of whether the attorney performing the work is admitted to practice or not. We therefore conclude that the EAJA authorizes reimbursement for work of the type performed by [the non-admitted attorneys] in assisting [an admitted attorney] with brief writing and related tasks.

*Id*. This court finds the Fourth Circuit's reasoning to be persuasive. It is not practical to limit the recoverable fees under the EAJA to only those fees incurred by attorneys who are admitted to practice in the district where the suit is pending. In this case, Plaintiff originally filed his Complaint pro se (without assistance of counsel). (Docket No. 1). Apparently being unsuccessful at obtaining local counsel, an appearance was made on Plaintiff's behalf by the

"Law Offices–Harry J. Binder and Charles E. Binder P.C." from New York. (Docket No. 11). One of the attorneys in that firm, Jeanne LaPlace, was then admitted pro hac vice. (Docket No. 15). Neither Binder nor Pierre entered an appearance at that time. In the experience of this Magistrate Judge, firms often assign work to attorneys with expertise in specific areas of the law who do not necessarily enter formal appearances in every case the firm prosecutes. While it may be a better practice to have each attorney who works on a case be entered as counsel of record, so long as one attorney from the firm signs pleadings under Rule 11 of the Federal Rules of Civil Procedure and stakes the firm's and his or her professional reputation on the propriety of the filing, the Magistrate Judge does not believe that all other attorneys in that same firm must, in every instance, be admitted to the court in which the case is pending. There is nothing in the text of the EAJA that would require each associate in a firm to have to enter an appearance in order to submit a request for fees. Because Defendant has failed to demonstrate that there are special circumstances that make the award of fees for the services of Pierre and Binder unjust, the court concludes that Plaintiff's motion must be granted.

Having determined that an award of fees in this case is warranted, we must still determine how much such an award should be. The EAJA, at 28 U.S.C. § 2412(d)(2)(A), provides the answer:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in

> excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

The court is, therefore, not to award fees in excess of $125 an hour unless Plaintiff demonstrates that there has been an increase in the cost of living or a showing of some special factor which warrants a higher hourly rate. Plaintiff has not pointed to any special factor which would justify the rate that he seeks. Instead, he argues that the cost of living, as reflected by the consumer price index, has increased significantly in the Midwest urban region since the EAJA was passed in 1996 to the extent that a fee award of $172.04 an hour is warranted.[1] Defendant does not challenge Plaintiff's assertion (and the court need not make an independent determination) that the cost of living in the Midwest urban region has risen substantially since 1996. However, is simply pointing to an increase in the cost of living enough to warrant a fee award in excess of $125? The Seventh Circuit, just three days before Plaintiff filed his fee petition in this case, answered that question. In *Mathews-Sheets v. Astrue*, --- F.3d ----, 2011 WL 3437029 (7th Cir. 2011), the Seventh Circuit explained that a party seeking to use inflation to justify a higher hourly rate for attorney fees under the EAJA:

---

[1] Plaintiff, in his Reply, seeks an additional two-hour fee award at an amount of $178.06 an hour, which he argues reflects an additional increase in inflation based on the consumer price index at the time his counsel briefed the EAJA fee request issue.

>    still must show that [inflation] actually justifies a higher fee; for
>    while it might seem obvious that a statutory price ceiling should be
>    raised in step with inflation, to do that as a rote matter would
>    produce windfalls in some cases.  Inflation affects different markets,
>    and different costs in the same market, in different ways.  The
>    framers of the Equal Access to Justice Act were right therefore not to
>    create an *entitlement* to an inflation adjustment; the lawyer seeking
>    such an adjustment must show that inflation has increased the cost
>    of providing adequate legal service to a person seeking relief against
>    the government.

*Id.* at *3(emphasis in original).  In order to demonstrate that inflation has had such an effect, Plaintiff must "show that without a cost of living increase . . ., a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id.* at *5.

 Plaintiff made no attempt to demonstrate that, because of the cost of living increase since 1996, attorneys could not be found in the Evansville community and surrounding geographical area to handle a social security case for $125 an hour.  In light of the fact that the Seventh Circuit decision in *Mathews-Sheets* was rendered in such close proximity to the filing of Plaintiff's fee petition, the court will grant Plaintiff thirty (30) days to provide additional evidentiary support for a fee award in excess of the $125-an-hour presumptive statutory ceiling.

Finally, Plaintiff seeks fees for 37.75 hours of work by Pierre, 1.75 hours of work by Binder, and an additional 2.0 hours of work associated with the filing of the EAJA fee petition.  (Memorandum of Law in Support of Plaintiff's Motion for

Attorney Fees at Ex. A; Reply at 4). These figures appear to be reasonably consistent with the amount of time that would be expected to be performed in litigating this matter. Plaintiff's request for an award based on 41.5 hours of work is granted.

Plaintiff's motion for attorney fees is **GRANTED**. Plaintiff is entitled to compensation for 41.5 hours of work performed. Plaintiff will have thirty (30) days from the date of this order to provide additional evidentiary support, consistent with the Seventh Circuit's recent decision in *Mathews-Sheets,* for an award of attorney fees in excess of $125 an hour. If Plaintiff's counsel does not wish to submit additional evidence, Plaintiff's counsel should file a notice to that effect promptly.

SO ORDERED.

**Dated:** September 26, 2011

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Eddy Pierre Pierre
LAW OFFICES OF HARRY J. BINDER
AND CHARLES E. BINDER, P.C.
fedcourt@binderandbinder.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov