UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| KERRY HEICHELBECH, <br> (Social Security No. XXX-XX-5692), <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner <br> of the Social Security Administration, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 3:10-cv-65-WGH-RLY |

## ORDER LIMITING PLAINTIFF'S
## FEE REQUEST TO $125 AN HOUR

On August 10, 2011, Plaintiff filed a Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (R. 33-34). Defendant filed its Response on September 7, 2011. (R. 37). Plaintiff filed a Reply on September 13, 2011. (R. 38).

On September 26, 2011, this Magistrate Judge entered an Order concluding that, pursuant to 28 U.S.C. § 2412, Plaintiff was entitled to an award of attorney's fees. (Docket No. 40). However, the court also noted that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Furthermore, the court indicated that a recently-decided Seventh Circuit case, *Mathews-Sheets v. Astrue*, 653 F.3d 560

(7th Cir. 2011), had clarified what a claimant would need to demonstrate in order to obtain a fee award in excess of $125 an hour. In *Mathews-Sheets*, the Seventh Circuit explained that a party seeking to use inflation to justify a higher hourly rate for attorney fees under the EAJA:

> still must show that [inflation] actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases. Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.

*Id.* at 563 (emphasis in original). In order to demonstrate that inflation has had such an effect, Plaintiff must "show that without a cost of living increase . . ., a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case." *Id.* at 565. After indicating that Plaintiff had failed to provide additional evidentiary support for a fee award greater than $125 an hour, the court granted Plaintiff additional time to provide such information.

In response to the court's Order, on October 19, 2011, Plaintiff filed his Supplemental Brief. (Docket No. 41). Essentially, Plaintiff's argument is that the Seventh Circuit, in *Mathews-Sheets*, indicated that a fee award of $125 an hour is "awfully low," and that Plaintiff's fee request of approximately $170 an hour is,

therefore, reasonable. Plaintiff also argues that earlier fee requests that were in excess of $125 an hour have repeatedly been approved in this circuit based solely on a cost of living increase in the Midwest region. *See, e.g., Stokes v. Astrue*, 2010 WL 4687806 at *1 (S.D. Ind. 2010). However, those cases cited by Plaintiff were decided prior to the Seventh Circuit's decision in *Mathews-Sheets*, and the Seventh Circuit has since clearly indicated that simply pointing to inflation is not enough. As discussed above, if a party invokes inflation, he "must show that it actually justifies a higher fee . . . ." *Mathews-Sheets*, 653 F.3d at 563. In this case, Plaintiff has not made the showing, required by the Seventh Circuit in *Mathews-Sheets*, that inflation justifies a higher fee award than $125 an hour.

As addressed in the court's previous order, Plaintiff is entitled to an award of $125 an hour for 41.5 hours of work. Defendant is **ORDERED** to pay the sum of Five Thousand One Hundred Eighty-seven Dollars and Fifty Cents ($5,187.50).

**SO ORDERED.**

**Dated:** November 7, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Eddy Pierre Pierre
LAW OFFICES OF HARRY J. BINDER
AND CHARLES E. BINDER, P.C.
fedcourt@binderandbinder.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov